UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. COLLENDER, et al.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY OF BREA, et al.,<br><br>    Defendants. | Case No. SACV 11-00530-AG (MLGx)<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER** |

## PROTECTIVE ORDER

**GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED** as follows:

1. **GOOD CAUSE: PURPOSE AND SCOPE**

Plaintiff served a subpoena duces tecum for documents to the Office of the District Attorney for Orange County ("OC DA"); in response thereto, the OCDA is producing documents deemed privileged and/or confidential, specifically, any and all documents and drafts of documents, including but not limited to, reports, photographs, or sampling of files, summaries, charts, graphs, diagrams, papers, memoranda, communications (including electronic correspondence, formal correspondence and type-written messages), audio recordings, video recordings, handwritten/voice-dictated notes and all interview transcripts that refer, reference or relate to JULIAN S. COLLENDER (D.O.B.: 04/23/1985), his death which

occurred on 06/30/2010, and the investigation thereof.  [Exception: The OCDA and the parties agree that third-party witness statements are non-privileged documents that will not be included in the protective order.]

The OCDA claims that the requested documents are subject to the official information privilege.

Documents produced under these designations, as well as information extracted therefrom, shall be referred to as "Confidential Information," and shall be subject to this Protective Order.

2. **DURATION**

The confidentiality obligations imposed by this Protective Order shall remain in effect even after the termination of this litigation, and shall not be lifted without further order of this Court.

This Order shall survive the final termination of this action, to the extent that the information contained in "Confidential" Discovery Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder.  Within sixty (60) calendar days after the conclusion of this action in its entirety (including expiration of appeal periods or the execution of a settlement agreement among the parties finally disposing of this action), all parties and persons having received "Confidential" Discovery Material shall dispose of all such material either by (i) returning such material to counsel for the producing party, or (ii) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or received by any person.  Upon request, the OCDA, the parties, and their counsel shall separately provide written certification to any producing party making the request that such disposal has been completed.  Outside counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions, and at trial, and attorney work-product, including materials which contain, quote, discuss, or analyze "Confidential" Discovery Material,

provided that such counsel and employees of such counsel shall not disclose such materials to any person unless, after reasonable prior notice to the producing party, the disclosing counsel has obtained permission pursuant to court order or by agreement of the producing party. The "Confidential" Discovery Material kept by counsel pursuant to this paragraph shall be maintained in accordance with the terms of this Order. Unless otherwise agreed, outside counsel for each party may retain archival copies of all "Confidential" Discovery Material marked as an exhibit during a deposition, used at a hearing or at trial, or filed with the Court, and this Order shall remain in force with respect to such material.

3. **DESIGNATED CONFIDENTIAL INFORMATION**

    3.1. Each party or non-party that designates Confidential Information for protection under this Protective Order shall ensure that such designation is not over-broad, and applies only to those materials, documents, items, or communications (or portions thereof) for which such protection is warranted.

    3.2. Information may qualify as Confidential Information only if it has not been made public.

    3.3. Confidential Information protected by this Protective Order must be clearly designated prior to the disclosure or production of such Confidential Information, and must bear the notation of "Confidential" on each page that contains Confidential Information, provided that such notation does not obscure or obliterate the document contents.

    3.4. An inadvertent failure to designated Confidential Information does not waive the producing party's right to secure protection under this Protective Order. If the producing party discovers after production of the Confidential Information that the information is lacking the appropriate designation, the producing

party must timely notify the receiving party, who shall make reasonable effort to ensure that the Confidential Information is treated in accordance with the provisions of this Order.

4. **TERMS AND CONDITIONS OF USE OF INFORMATION**

    4.1. Under no circumstances shall Confidential Information be used in any proceeding other than the instant case or be disseminated, in any form, except by order of this Court.  Confidential Information must be stored and maintained by the receiving party at a location and in a secure manner that ensures that access is limited to the person authorized under this Protective Order.

    4.2. Confidential information and information derived therefrom may not be disclosed in any form to anyone not covered under this protective order.

    4.3. Disclosure of Confidential Information designated "Confidential" shall be limited to the personnel and/or classification of persons listed below:

        4.3.1. Any Party to this action and that Party's counsel;

        4.3.2. staff and personnel employed by counsel for any party to this action;

        4.3.3. the Court and court personnel, in connection with this litigation;

        4.3.4. during their depositions, witnesses who, from the face of the document, appear to have previously authored or received it; and

        4.3.5. experts or consultants retained/consulted to work on this case by counsel for any party to this action (so long as each such expert or consultant agrees, in writing, to be bound by the terms of this Protective Order).

4.4. Confidential Information that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use Confidential Information must both (a) submit unredacted documents containing Confidential Information under seal and (b) file public versions of the same documents with the Confidential Information redacted.

4.5. Except as set forth in paragraph 4.5.1, counsel for any party to this action shall advise those individuals to whom disclosure of Confidential Information is to be made of the contents of this Protective Order, and such counsel shall obtain the consent of such individual that he or she will be bound by this Protective Order, prior to disclosure of Confidential Information. In the event such individual does not consent to be bound by this Protective Order, no disclosure of Confidential Information shall be made to that individual.

    4.5.1. The foregoing provision shall not apply to the disclosure of Confidential Information to the Court or the Court's staff.

4.6. Any counsel, expert, consultant or investigator retained by counsel for any party to this case shall not refer to Confidential Information in any other court proceeding without further order of this Court.

4.7. The parties shall meet and confer to discuss redactions of particularly sensitive information before making use thereof.

4.8. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

5. **CHALLENGES TO DESIGNATION OF CONFIDENTIAL INFORMATION**

    5.1. Should a party challenge the confidentiality of information so designated, that party must do so in good faith, and shall confer directly with counsel for the producing party.

    5.2. If the parties are unable to resolve the designation informally, the party challenging the designation may file and serve a motion under Civil Local Rules 37-1 and 37-2, including the Joint Stipulation requirement (and in compliance with Civil Local Rule 79-5, if applicable), identifying the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the party designating Confidential Information. The designation of the challenged information shall remain unchanged until the Court rules on the challenge.

6. **UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**

    6.1. If a receiving party learns that it has disclosed Confidential Information to any person or entity not authorized to receive such information pursuant to this Protective Order, the receiving party shall immediately (a) notify the producing party of the unauthorized disclosure, including identification of the person or entity to whom such unauthorized disclosure was made, (b) retrieve all copies of the Confidential Information from the unauthorized recipient, (c) inform the unauthorized recipient of the terms of this Protective Order and request that they agree, in writing, to be bound hereto. Should the Court determine that the receiving party intentionally disclosed Confidential Information to an unauthorized party, the Court may consider the imposition

of sanctions, including but not limited to monetary sanctions and/or issue preclusion.

    6.2. Under no circumstances shall the receiving party file in the public record any Confidential Information, without written permission from the producing party or an Order of this Court, and only upon timely written notice to all interested parties and the OCDA.  The parties shall meet and confer to discuss redactions of particularly sensitive information.

7. **RIGHT TO ASSERT OBJECTIONS**

    7.1. By the entry of this Protective Order, the OCDA and parties are not waiving any rights that they might otherwise have to objecting to disclosure or production of information on any ground not addressed herein.  The parties do not waive any right to object to the use in evidence of the material covered by this Protective Order.

This Order may not be modified unless by written consent of the OCDA and the parties **and** approval of the Court.

**IT IS SO ORDERED.**

DATED:  May 25, 2012

_____
Hon. Marc L. Goldman
United States Magistrate Judge

1  Approved as to form and content:

2  DATED: May __, 2012            LAW OFFICES OF DALE K. GALIPO

3

4                                 By_____
                                    Dale K. Galipo
5                                   Attorneys for Plaintiffs

6  DATED: May __, 2012            RICHARDS, WATSON & GERSHON

7

8                                 By_____
                                    Jennifer Petrusis
9                                   Attorneys for Defendants

10
   DATED: May __, 2012            OFFICE OF THE DISTRICT ATTORNEY,
11                                ORANGE COUNTY

12

13                                By_____
                                    Ray Armstrong
14                                  Senior Deputy District Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

SACV 11-00530-AJG-MLGx
PROTECTIVE ORDER