LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Paul Hoffman (SBN 071244)
Michael D. Seplow (SBN 150183)
Catherine Sweetser (SBN 271142)
SCHONBRUN SEPLOW
HARRIS HOFFMAN & HARRISON LLP
723 Ocean Front Walk
Venice, CA 90291
Telephone: (310) 396-0731
Fax: (310) 399-7040

Attorneys for *Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. COLLENDER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF BREA, et al., <br><br> Defendants. | CASE NO. SACV 11-00-530-AG <br><br> *Honorable Andrew J. Guilford* <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF INFORMATION NOT KNOWN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Final Pretrial Conference: January 25, 2016 <br> Time: 8:30 AM <br> Ctrm: 10D <br><br> Trial: February 9, 2016 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD THEREIN:

PLEASE TAKE NOTICE that on January 29, 2016 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 10D of the above-titled Court, Plaintiffs will and hereby do move the Court by way of this Motion *in Limine* No. to exclude evidence and argument regarding information not known to the Defendant Neel at the time of the shooting, specifically any evidence regarding the specific details of the alleged armed robbery and Adelea McCormick's subsequent guilty plea to armed robbery with Julian Collender on September 24, 2010. Plaintiffs make this Motion under Federal Rules of Evidence 401, 402, 403, and 404.

Statement of Local Rule 7-3 Compliance:  This motion is made following a conference of counsel on December 15, 2015, pursuant to L.R. 7-3, during which no resolution could be reached.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED:  January 8, 2016            LAW OFFICES OF DALE K. GALIPO


By   */s/ Hang D. Le*_____
        Hang D. Le
        Dale K. Galipo
        Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION**

Plaintiffs seek to exclude evidence of information not known to Detective Shawn Neel at the time of the shooting as being irrelevant, and unduly prejudicial. On June 30, 2010, Decedent sustained a gunshot wound to the chest in an officer-involved shooting by Defendant Detective Shawn Neel (hereafter known as "Defendant Neel") from the Brea Police Department, ultimately resulting in Decedent's untimely death.  Decedent was unarmed at the time he was shot.

On Defendant's Exhibit List, Defendants have identified countless exhibits that were outside the scope of Defendant Neel's knowledge at the time of the shooting.  Defendants have identified (1) Fullerton Police Department Notice to Appear Issued to Julian Collender dated 12/13/09; (2) Fullerton Police Department General Offense Hardcopy, dated 12/17/09; (3) Case Summary Re: Case No. 09NM155884, Julian Collender, dated 2/11/10, as exhibits.  These records pertain to Decedent's prior contacts with law enforcement.  Defendants have also identified text messages from Decedent and Travis Tyler on the night of the incident, call details from Plaintiff Richard Collender's cell phone number, and various documents that refer to a detailed account of the alleged robbery and Adelea McCormick's subsequent guilty plea to armed robbery with Julian Collender on September 9, 2010.  Defendant Neel did not have knowledge of any of the above at the time of the shooting.

**II.      ARGUMENT**

**A. The Evidence is Irrelevant and Should Be Excluded**

Plaintiff contends that the evidence in this case should focus on the circumstances that existed at the time that Defendant Neel pulled the trigger.  The trial should focus on what happened during Defendant Neel's encounter with Decedent that ultimately led to the officer-involved shooting, rather than details of

PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF INFORMATION NOT KNOWN

1  the alleged robbery, prior contacts with law enforcement, or subsequent pleas that
2  were unknown to the Defendant Neel at the time.

3      "[W]hen considering a charge of excessive force under the Fourth Amendment,
4  evidence outside the time frame of the shooting is irrelevant and prejudicial."
5  *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997)); s*ee also Rubalcava v.*
6  *City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (affirming  admission of
7  "limited" evidence of plaintiff's prior criminal history only because it was known to
8  the officers at the time of the incident); *Witt v. West Virginia State Police, Troop 2*,
9  633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's "criminal history
10  and possession of illegal narcotics . . . are irrelevant to the excessive force analysis
11  because, as the troopers themselves acknowledge, they 'did not know' these facts 'at
12  the time' they allegedly beat [the plaintiff]"—even though the facts of the incident
13  were disputed).  For the above reasons, evidence of the Decedent's conduct outside
14  the time frame of the shooting, specifically the details of his alleged robbery, prior
15  contacts with law enforcement, medical records, gun registration, and McCormick's
16  subsequent guilty plea is irrelevant and should be excluded.

17      Defendant Neel was not aware of the particulars of the alleged armed robbery by
18  Decedent at the time of the shooting, except to the extent that he received very
19  limited information from Detective Michael Johnson.  The only information
20  Defendant Neel had about Decedent prior to the shooting was that (1) he was a
21  suspect in an armed robbery and (2) he had allegedly threatened one of the victim's
22  family and (3) a handgun was used during the robbery. (Declaration of Catherine
23  Sweetser ("Sweetser Decl.") Ex. A ("Neel Depo.") at 66:8-11; 15-21.)  Defendant
24  Neel was not told any specifics about the robbery, was not told that drugs were
25  involved in the robbery, or even the physical description of Decedent.  (Neel Depo.
26  at. 64:13-1519; 68:15-25.)  Thus, anything outside of what Defendant Neel knew,
27  including Decedent's prior contacts with law enforcement and McCormick's guilty
28

PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF INFORMATION NOT KNOWN

1  plea after the shooting is irrelevant.  These circumstances and events outside the
2  time frame of the shooting should therefore be excluded.

3       This argument is also not relevant to damages, as Defendants contend.
4  Defendants contend that Julian's participation in an armed robbery may have
5  resulted in jail or prison time, which would have diminished the value of his
6  companionship to his family.  Even if Julian had been convicted of the armed
7  robbery, it is unlikely he would have been away from his family for an extended
8  period of time.  Defendants have *not* sought to introduce any evidence of the length
9  of the sentence imposed on the other person in the alleged robbery, Adalea
10  McCormick, who pled guilty.  The Collenders testified at their depositions that she
11  went to jail for some period of time but was released well before two years had
12  elapsed. Sweetser Decl. Ex. B. To suggest that Julian's parents would have been
13  permanently deprived of his companionship because of any possible conviction, or
14  that such a conviction would in any way have lessened the value of Julian's
15  companionship to his parents, is patently absurd.  Moreover, it would again require
16  collateral proceedings, as the jury would have to first decide whether or not Julian
17  would have been convicted of a crime and then make a guess as to what sentence
18  Julian would have received if he was convicted.

19       **B.**     <u>**The Evidence is Unfairly Prejudicial**</u>

20     In the alternative, if any such evidence is deemed to have probative value, then
21  Plaintiffs contend that it should be excluded under Rule 403.  Rule 403 excludes
22  (even relevant) evidence "if its probative value is substantially outweighed by the
23  danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by
24  considerations of undue delay, waste of time, or needless presentation of cumulative
25  evidence."  "Unfair prejudice" means "undue tendency to suggest decision on an
26  improper basis, commonly, though not necessarily, an emotional one." *United*
27  *States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*,
28

1  946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the

2  jury if it tends to evoke a juror's anger or punitive impulses).

3      The alleged robbery is very likely to inflame the jury's passions and prejudices.

4  The potential prejudicial impact of such allegations is plain and need not be

5  elaborated upon. Plaintiffs submit that this evidence from outside the time frame of

6  the shooting poses a strong risk of suggesting decision on an improper basis.  In

7  other words, a jury could find against Plaintiffs simply on the grounds that the

8  Decedent was allegedly a participant in a prior armed robbery or had prior contacts

9  with law enforcement.  However, it goes without saying that it is not the law that

10  alleged aggressors can be executed on sight without trial.

11      Also pertinent to the Rule 403 inquiry is that admission of such evidence also

12  poses a substantial risk of leading to "litigation of collateral issues, thereby creating

13  a side issue which might distract the jury from the main issues." *Blancha v.*

14  *Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d

15  507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007).

16  The central factual dispute in this case is whether Decedent posed an imminent

17  threat of death or serious bodily injury to Defendant Neel when he was shot.

18  Specifically, the issue is whether Defendant Neel reasonably believed that the

19  Decedent posed such a threat at the time of the shot.  The case is not about what

20  happened at any other time or in any other incident than the one in which Defendant

21  Neel shot and killed Decedent.  Allowing the evidence to range outside the time

22  frame of the shooting would necessitate mini-trials on collateral issues that have

23  nothing to do with the central factual dispute, which will unduly consume this

24  Court's and the jury's time.

25      For example, if Defendants' witnesses are allowed to testify regarding the

26  circumstances of the alleged armed robbery involving Decedent, then Plaintiffs

27  likely will have to cross-examine such witnesses about their relationship with the

28  Brea Police Department and may have to call additional witnesses concerning the

demeanor of the witnesses that day.  It is Plaintiffs' position that the witnesses were not reliable; the witnesses admitted that they used drugs on the night of the alleged robbery before reporting the crime.  Sweetser Decl. Ex. C.  If such evidence was admitted, then Plaintiffs would be compelled to introduce additional testimony from their own witnesses to attempt to mitigate the prejudicial effect of these negative facts.  Plaintiffs would not otherwise be forced to present this evidence.  Meanwhile, none of this would help the jury determine whether or not the use of force was excessive in this case.  Because it would necessitate mini-trials on collateral issues, Plaintiffs respectfully requests that the Court exclude evidence and argument outside the time frame of the shooting.

Finally, if the Court determines that some of this evidence may be potentially relevant, the Court should hold a brief hearing outside the presence of the jury under Rule 104(a) to establish relevance, foundation, and any appropriate limits on its use before the jury is permitted to hear any of it.

## III.   <u>CONCLUSION</u>

For the reasons above, the Court should grant Plaintiffs' motion *in Limine* No. 1 to exclude evidence outside the time frame of the shooting.


DATED:  January 8, 2016              LAW OFFICES OF DALE K. GALIPO



                                     By   */s/ Hang D. Le*
                                        _____
                                        Hang D. Le
                                        Dale K. Galipo
                                        Attorneys for Plaintiff

PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF INFORMATION NOT KNOWN